## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Peter Olesen, being first duly sworn, hereby depose and state as follows:

### *INTRODUCTION AND AGENT BACKGROUND*

1.      I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations (HSI), and have been so employed since June 2008.  I am currently assigned to the HSI Springfield Resident Agent in Charge (RAC) Office.  Prior to my assignment to the Springfield RAC office, I was assigned to the HSI San Diego Special Agent in Charge (SAC) office, where I participated in the Internet Crimes Against Children (ICAC) task force in San Diego, California for more than eight years. This task force included members of the San Diego Police Department, U.S. Postal Inspection Service, Federal Bureau of Investigation, Naval Criminal Investigative Service, U.S. Attorney's Office and the San Diego County District Attorney's Office.  As a Special Agent with HSI, I am a law enforcement officer of the United States within the definition of 18 U.S.C. § 2510(7), and am empowered by law to conduct investigations and make arrests for offenses enumerated in 18 U.S.C. § 2516.

2.      As a Special Agent, I am responsible for initiating, conducting, and participating in criminal investigations involving allegations of various federal laws including child pornography, human trafficking, drug trafficking, and immigration violations.  I have received training and gained experience in interviewing techniques, arrest procedures, search and arrest warrant applications, the execution of searches and seizures, and various other criminal laws and procedures.  I have conducted and participated in numerous criminal investigations, the majority of which involved crimes of child exploitation.

3.      I am currently investigating the users of the Facebook accounts associated with the identifiers listed below:

**Facebook Account 1**: Screen/User Name: eliza.mercado.3; Profile Url: https://www.facebook.com/eliza.mercado.3; User ID: 100002427452865. As I indicate below, I believe this Facebook Account to have been used by BAIRON UBEDA.

**Facebook Account 2**: Screen/User Name: alexandria.church.399; Profile URL: https://www.facebook.com/alexandria.church.399; User ID: 100007021695480. As I indicate below, I believe this Facebook Account to have been used by ALEXANDRIA CHURCH.

I am investigating UBEDA and CHURCH for the following offenses:

      a.      Sexual Exploitation of Children in violation of 18 U.S.C. § 2251(a) and the attempted Sexual Exploitation of Children in violation of 18 U.S.C. § 2251(e).

      b.      Receipt/Distribution Of Material Involving The Sexual Exploitation Of Minors in violation of 18 U.S.C. § 2252(a)(2);

      c.      Possession Of Material Involving The Sexual Exploitation Of Minors in violation of 18 U.S.C. § 2252(a)(4)(B);

      d.      Receipt/Distribution Of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2); and

      e.      Possession Of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

      f.      Conspiracy to violate Sexual Exploitation of Children, 18 U.S.C. § 2251(a), the attempted Sexual Exploitation of Children, 18 U.S.C. § 2251(e), Receipt/Distribution Of Material Involving The Sexual Exploitation Of Minors, 18 U.S.C. § 2252(a)(2) and § 2252A(a)(2), in violation of 18 U.S.C. § 371.

(collectively, the "Subject Offenses").

2

4.      I submit this affidavit in support of a Criminal Complaint alleging that between 2018 and 2019, Alexandria CHURCH violated and attempted to violate Conspiracy to commit Sexual Exploitation of Children, 18 U.S.C. § 2251(e) and Distribution Of Child Pornography, 18 U.S.C. § 2252A(a)(2).

5.      The facts in this affidavit come from my personal observations and review of records, my training and experience, and information obtained from other agents, officers and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested search warrant and does not set forth all of my knowledge about this matter.

### THE SUBJECT OFFENSES

8.      Title 18, United States Code, Section 2251(a) provides in pertinent part:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided....

9.      Title 18, United States Code, Section 2251(e) provides in pertinent part:

> Any individual who violates, or attempts or conspires to violate, this section shall be fined under this title and imprisoned ....

10.     Title 18, United States Code, Section 2252(a)(2) provides in pertinent part:

> Any person who . . . (2) knowingly receives, or distributes, any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, . . . if –
> (A)     the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

3

(B)     such visual depiction is of such conduct;

. . . shall be punished . . . .

18 U.S.C. § 2252(a)(2).

9.      Title 18, United States Code, Section 2252(a)(4)(B), provides in pertinent part:

Any person who . . . knowingly possesses or knowingly accesses with intent to view 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate or foreign commerce or in affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if –

(i)     the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

(ii)    such visual depiction is of such conduct;

. . . shall be punished . . . .

18 U.S.C. § 2252(a)(4)(B).

10.     Title 18, United States Code, Section 2252A(a)(2) provides in pertinent part:

[a]ny person who -

(2) knowingly receives or distributes -

(A) any child pornography that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; or

(B) any material that contains child pornography that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer;

shall be punished as provided . . . .

4

18 U.S.C. § 2252A(a)(2).

11.     Title 18, United States Code, Section 2252A(a)(5)(B) provides in pertinent part:

[a]ny person who –

(5)(B) knowingly possesses, or knowingly accesses with intent to
view, any book, magazine, periodical, film, videotape, computer
disk, or any other material that contains an image of child
pornography that has been mailed, or shipped or transported using
any means or facility of interstate or foreign commerce or in or
affecting interstate or foreign commerce by any means, including by
computer, or that was produced using materials that have been
mailed, or shipped or transported in interstate or foreign commerce
by any means, including by computer; . . .

shall be punished as provided . . . .

18 U.S.C. § 2252A(a)(5)(B).

12.     Title 18, United States Code, Section 2251(a) provides in pertinent part:

Any person who employs, uses, persuades, induces, entices, or
coerces any minor to engage in, or who has a minor assist any other
person to engage in, or who transports any minor in or affecting
interstate or foreign commerce, or in any Territory or Possession of
the United States, with the intent that such minor engage in, any
sexually explicit conduct for the purpose of producing any visual
depiction of such conduct or for the purpose of transmitting a live
visual depiction of such conduct, shall be punished as provided . . .
.

13.     Title 18, United States Code, Section 371 provides in pertinent part:

If two or more persons conspire either to commit any offense against the United
States … and one or more of such persons do any act to effect the object of the
conspiracy, each shall be fined under this title or imprisoned …

14.     The term "computer" as used herein is defined in Title 18, United States Code,

Section 1030(e)(1), as:

an electronic, magnetic, optical, electrochemical, or other high
speed data processing device performing logical, arithmetic, or

> storage functions, and includes any data storage facility or
> communications facility directly related to or operating in
> conjunction with such device, but such term does not include an
> automated typewriter or typesetter, a portable hand held calculator,
> or other similar device.

18 U.S.C. § 1030(e)(1).

13.     Title 18, United States Code, Section 2256(1) defines a "minor" as "any person

under the age of eighteen years." 18 U.S.C. § 2256(1).

14.     Title 18, United States Code, Section 2256(2)(A) defines "sexually explicit

conduct" as "actual or simulated -- (i) sexual intercourse, including genital-genital, oral-genital,

anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii)

masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the genitals or pubic

area of any person." 18 U.S.C. § 2256(2)(A).

15.     Title 18, United States Code, Section 2256(5) provides that "visual depiction"

includes "undeveloped film and videotape, data stored on computer disk or by electronic means

which is capable of conversion into a visual image, and data which is capable of conversion into a

visual image that has been transmitted by any means, whether or not stored in a permanent format."

18 U.S.C. § 2256(5).

16.     Title 18, United States Code, Section 2256(8) defines "child pornography" in

pertinent part:

> [A]ny visual depiction, including any photograph, film, video,
> picture, or computer or computer-generated image or picture,
> whether made or produced by electronic, mechanical, or other
> means, of sexually explicit conduct, where –
>
> (A) the production of such visual depiction involves the use of a
> minor engaging in sexually explicit conduct;

6

      (B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or

      (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

18 U.S.C. § 2256(8).

### *PROBABLE CAUSE TO BELIEVE THAT A FEDERAL CRIME WAS COMMITTED*

      19.    In August 2019, HSI Springfield received information regarding child pornography files that were found on a Dell Optiplex 780 computer (the Dell computer) by Doraliz Ubeda and provided to SPD. According to a SPD report pertaining to Incident Number 19-7472-OF and Call Number 19-135643, Dorlaiz Ubeda arrived at SPD on July 6, 2019 and reported that she had recently located a video file depicting a child engaged in sexual activity with a female on a computer that she and her ex-husband, Bairon UBEDA (UBEDA), owned. Doraliz Ubeda explained that she had left her then husband in June 2017 because he was being investigated for child rape among other charges. She stated that she had left the home where she and her husband had resided (483 Berkshire Avenue, Apartment 3, Springfield, MA) on June 19, 2017 and had not returned to the residence until May 2019 after UBEDA had been sentenced. (The criminal case against UBEDA is described below). Doraliz Ubeda explained further that after collecting the Dell computer (listed in the SPD report as a Dell computer tower bearing serial number 5YX5CP1) from her and her husband's former residence (483 Berkshire Avenue, Apartment 3, Springfield, MA), she turned it on and observed several pornographic photographs of females, then found the video depicting the child engaged in sexual activity.

      20.    Information gathered from open sources and law enforcement database queries, as

7

well as from law enforcement personnel indicates that Bairon UBEDA was convicted in Hampden Superior Court in April 2019 on charges of child rape, distributing material of a child in the nude and posing a child in the nude, among others.  Further, victims in the case against UBEDA were contacted via Facebook and enticed into sending nude depictions of themselves, at least in part under the guise of modeling work.  A Facebook page with the name "Crystal Matos" associated with it was used to communicate with victims.  At least one victim was a minor when she first came into contact with UBEDA and UBEDA induced her to appear in explicit images and/or videos while she was a minor.  Further, while UBEDA's arrest in this case occurred in 2016, he spent only approximately 18 days in custody pursuant to the charges involved in this case prior to his conviction, which occurred in April 2019.

21.    Doraliz UBEDA provided the Dell computer on which she had found the video depicting a child engaged in sexual conduct to SPD after she initially provided the information detailed above. Pursuant to a state search warrant for the Dell computer, SPD personnel located multiple image and video files depicting Alexandria CHURCH and **MINOR A**, who is approximately three years old. Both CHURCH' s and **MINOR A**'s face are clearly depicted in multiple images and videos. While some of the images and videos show only CHURCH, others show her engaging in sexual conduct with **MINOR A** and constitute child pornography.

a.    One such image is entitled "image-2019-01-04-21-04-02.jpg" (Exhibit 1) and depicts CHURCH lying on her back with her legs spread apart and her face clearly depicted. CHURCH is not wearing any clothing and she has her left leg positioned over **MINOR A** who is lying on **MINOR A's** side and facing towards CHURCH with **MINOR A's** head between her legs. **MINOR A's** right hand is touching CHURCH's

8

vagina. CHURCH's right arm is extended away from her body and appears to be holding the camera, phone or other device that was used to take the photograph.

b.      Another such image is entitled "image-2019-01-04-21-04-07 .jpg" (Exhibit 2) and depicts CHURCH kneeling and straddling MINOR A, with her face, as well as MINOR A's face, clearly depicted. CHURCH is again wearing no clothing and MINOR A's head is again positioned between her legs, this time with MINOR A's face up against and/or directly in front of CHURCH's vagina. MINOR A appears to be crying in the photograph. CHURCH's right arm is again extended away from her body and appears to be holding the camera, phone or other device that was used to take the photograph.

c.      A third such image is entitled "image-2019-01-04-15-07-38.jpg" (Exhibit 3) and depicts CHURCH again wearing no clothing and with her face clearly depicted. CHURCH again has her legs spread apart and she is holding someone else's hand against her vagina. While MINOR A's face is not clearly depicted in this image, the hand CHURCH is holding against her vagina is much smaller than hers and appears to be a child's hand. Further, part of a person's head and face is depicted in the image's lower righthand corner, and this person's hair is consistent in color and length, with that of MINOR A as depicted in other images found on the Dell computer in which his face is clearly displayed. CHURCH' s right arm is again extended away from her body and appears to be holding the camera, phone or other device that was used to take the photograph.

d.      A video file also found on the Dell desktop computer by SPD also depicts

CHURCH and **MINOR A** with both of their faces clearly shown. This video file is entitled "received_299675957355495" and shows **MINOR A** squeezing CHURCH' s breast. CHURCH also squeezes her own breast and is heard saying, in part, "grab" and "grab it".

22.     Additional images found on the Dell desktop computer depict documents pertaining to CHURCH and **MINOR A's** identity. These documents include CHURCH's identification card, the photograph that matches CHURCH as depicted in the explicit images and videos found on the Dell computer, along with social security cards for both CHURCH and **MINOR A**, as well as **MINOR A's** birth certificate.

23.     As a result of investigation by SPD, CHURCH and **MINOR A** were located in the Raleigh, NC area and on August 8, 2019, a Raleigh area social worker spoke with CHURCH regarding **MINOR A** and the files described above and found on the Dell computer. During this conversation, CHURCH told the social worker the following in substance:

a.     Someone named Sandra E Vazquez (Pebbles) contacted CHURCH via Facebook and asked whether CHURCH was looking for work.

b.     After the social worker informed CHURCH about specific images depicting CHURCH and **MINOR A**, CHURCH stated that **MINOR A** never cried in any of the pictures. When the social worker asked CHURCH whether she was compensated for the pictures and how she sent the pictures to Ms. Vazquez, CHURCH stated that she had had about 10 phones and did not remember whether she sent the pictures via Face book Messenger or through her phone. CHURCH acknowledged a picture in which **MINOR A** appeared to be inserting **MINOR A's** hand into her vagina, but also claimed,

10

at least at one point in the conversation, that she never touched MINOR A and MINOR A never touched her.

c.      The social worker was able to look up Ms. Vazquez on Facebook while speaking with CHURCH and CHURCH confirmed the Facebook account the social worker located (Facebook Account 1) as that of Ms. Vazquez.  The social worker took a screenshot of the Facebook profile for Ms. Vazquez's account and this profile was subsequently provided to HSI Springfield by SPD.  This profile displays the name Sandra E Vazquez (Pebbles).

d.      CHURCH stated she spoke with Ms. Vazquez's boss once, but was never told his name.  CHURCH explained that Ms. Vazquez would send her (CHURCH) tasks and inform CHURCH of what she (Vazquez) wanted in the pictures.  CHURCH further stated that after she had sent pictures to Ms. Vazquez, Ms. Vazquez requested more and stated that if she (CHURCH) did not comply, she (CHURCH)

# REDACTED

e.      CHURCH stated that she was living in Massachusetts when the pictures were taken, though claimed she was not sure at which address they were taken as she had moved several times before moving to North Carolina.  CHURCH also said the pictures were taken in December 2018.  CHURCH acknowledged having been in Virginia visiting friends around Christmas time, but said she had returned to Massachusetts from Virginia before leaving for North Carolina.

11

24.     While CHURCH stated the pictures were taken in Massachusetts, a name displayed on a decoration in the background of one of the photographs found on the Dell computer matches the name of an individual believed to be a relative of a person whom CHURCH is believed to have visited in Virginia based on information developed during SPD's investigation into CHURCH.

25.     After inspecting the profile for Ms. Vazquez provided to HSI Springfield by SPD, I located the Facebook profile for Facebook Account 1 and noted that it had the same photographs as the screenshot provided by SPD and it displayed the name Sandra E Vazquez (Pebbles).  I also noted the following information associated with Facebook Account 1:

> Screen/User Name: eliza.mercado.3
> Profile Url: https://www.facebook.com/eliza.mercado.3
> User ID: 100002427452865

26.     I also located the Facebook profile for Facebook Account 2, which displays the name  Alexandria  Church.

# REDACTED

Photographs found on Facebook Account 2 also appear to depict CHURCH, similar to those displayed on her Massachusetts Identification Card (as seen in images found on the Dell computer). Further, Massachusetts Registry of Motor Vehicles records also display the same photograph for CHURCH as that shown on her Massachusetts Identification Card ( as seen in images found on the Dell computer).

# REDACTED

SA Olesen noted the following information for Facebook Account 2:

> Screen/User Name: alexandria.church.399
> Profile URL: https://www.facebook.com/alexandria.church.399

User ID: 100007021695480

27.     Additional open source and law enforcement database queries for CHURCH revealed multiple past address in Springfield, MA.

28.     On or about August 14, 2019, federal search warrants for Facebook Account 1 (19-MJ-3140-KAR) and Facebook Account 2 (19-MJ-3141-KAR) were authorized.

29.     The Facebook data produced in response to the search warrant for Facebook Account 1 also included communications between Facebook Accounts 1 and 2, which are listed as having taken place in late December 2018 and early January 2019.  The Facebook messages between Facebook Account 1 (UBEDA) and Facebook Account 2 (CHURCH) during December 2018 and January 2019 began with Facebook Account 1 (UBEDA) first making contact with Facebook Account (CHURCH); it was apparent the two did not previously know each other. Facebook Account 1 (UBEDA) purported to be a female with a screen name of Sandra Vazquez who offered CHURCH employment opportunities in adult modeling and commented very favorably on CHURCH's good looks and "sexy body." Facebook Account 1 (UBEDA) then asked for risqué pictures of CHURCH to show her very busy, powerful male "boss," who held the key, according to Facebook Account 1 (UBEDA), to the purported lucrative employment opportunities in adult modeling.  The messages from Facebook Account 1 (UBEDA) transitioned from blandishments about CHURCH's appearance and money-making opportunities to demands to provide pornographic images involving CHURCH and MINOR A. After those images were obtained, the messages from Face book Account 1 (UBEDA) then threatened          CHURCH

REDACTED

After making these threats, Facebook Account 1 (UBEDA) indicated that the

male boss was prepared to meet CHURCH in Springfield, Massachusetts and that CHURCH should be prepared to submit to whatever sexual demands he made of her.  CHURCH indicated agreement with these conditions, although it is not clear from the Facebook messages whether CHURCH actually made the trip to Springfield, or met with the male boss, who, by all the evidence, appears to have been UBEDA himself.

30.    While the data produced by Facebook pursuant to these warrants did not include many of the images and videos depicting CHURCH engaging in sexual contact with MINOR A that were found on the Dell computer by SPD, the Facebook data did include at least one image depicting MINOR A squeezing her breast, as well as the video, though with a different title, described above in which CHURCH is heard saying "grab it" and MINOR A is seen squeezing her breast. It appears that some of the images and videos involving CHURCH and MINOR A were conveyed to UBEDA by means other than Facebook.

31.    The communication between Facebook Accounts 1 and 2 also include several other elements that are seen in additional Facebook Messenger conversations between Facebook Account 1 and other accounts.  Facebook Account 1 (UBEDA) informed CHURCH that the supposed modeling company with which she is being considered for employment does business in the international market and specifically in Lybia, Syria, Pakistan, Ireland, Brazil and Mumbai. These same countries are referenced in the same or similar manner in Facebook 1's conversations with multiple other accounts.  The operator of Facebook Account 1 (UBEDA) sent CHURCH multiple images of substantial amounts of cash.  These same images or similar images are also seen in conversations between Facebook Account 1 and multiple other accounts.  Facebook Account 1 (UBEDA) sent CHURCH many images depicting adult pornography, as well as

14

drawings depicting sexually explicit conduct.  Many conversations between Facebook Account 1 (UBEDA) and other accounts included some of the same images, as well as additional images and drawings of adult sexual conduct.  Facebook Account 1 (UBEDA) asked CHURCH for personally identifiable information, such as her date of birth, social security number and address, as well as images of documents or IDs showing this information.  CHURCH sent photographs of her driver's license, social security card and mail showing her address at the time.  Multiple other conversations show other accounts sending Facebook Account 1 (UBEDA) photographs of identifying documents such as drivers' licenses and social security cards, as well as mail displaying the sender's address.  Finally, Facebook Account 1 (UBEDA) sent CHURCH an image which is a collage of sexually explicit images of CHURCH, with her driver's license superimposed in the middle of the image.  Facebook Account 1 (UBEDA) sent similar collages depicting other females with their personally identifying information included to several other accounts.

32.      The messages exchanged between Facebook Accounts 1 and 2 also made multiple references to Springfield, MA, generally referred to as "SPFLD" or "spfld" in the messages, and locations in the Springfield, MA area.  Facebook 1 (UBEDA) asks CHURCH "So you used to live in Spfld? Why you moved down to VA?", to which CHURCH replies "Wasnt real ly much left out in spfld for me i was living with friends waiting to get my own place n it just wasnt happening in spfld i moved to va n got it quick".  There is also discussion of the "boss" having multiple apartments all over Springfield, and of CHURCH traveling from Virginia to Springfield to please the "boss" and finding additional women for the "boss" in the Springfield area.  CHURCH also discusses locations in and around Springfield where she has friends and/or family.

33.      The evidence indicates that UBEDA, using Facebook Account 1, was engaged in a

pattern of conduct that was similar to the behavior for which he was convicted in state court.  That is, UBEDA disguised his identity, and using false pretenses, he induced people to provide information and pictures that he could then use to coerce people into providing further compromising photographs and information.  It appears that inducing CHURCH to provide the child pornography referenced above was part of UBEDA's course of conduct with other victims.

34.     On or about October 2, 2019, I took photographs of the Dell computer at SPD and confirmed its Service Tag/Serial Number as that noted above. I also observed a label on the Dell computer, which read in part "Assembled in Mexico".

## *REQUEST TO SEAL*

35.     I request that this affidavit, the complaint, the arrest warrant, and any related papers be sealed by the Court until such time as the Court pursuant to Local Rule 7.2 directs otherwise.

## CONCLUSION

36.     Based on the foregoing, I respectfully submit that there is probable cause to believe that Alexandria CHURCH committed violations of Conspiracy to commit Sexual Exploitation of Children, 18 U.S.C. § 2251(e) and Distribution of Child Pornography, 18 U.S.C. § 2252A(a)(2).

Respectfully submitted,

Peter Olesen
Special Agent
United States Department of Homeland
Security, Homeland Security Investigations

Subscribed and sworn to before me on January 16th, 2020

HONORABLE KATHERINE A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE

17